Ms. Lynda K. Thomas, PHR Human Resources Director City of Conway 1201 Oak Street Conway, Arkansas 72032
Dear Ms. Thomas:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to withhold certain information from a local attorney is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -109 (Repl. 2002). Specifically, your correspondence notes that a local attorney, who states that she is the legal representative for a number of city employees, requested the personnel files of her clients. In response, you released "information as outlined in the FOIA." The attorney has received that information, but requests "complete files of all my clients." Implicit in this exchange is the fact that you presumably redacted certain information that is exempt from public view under the FOIA. You then relay the following:
 [The attorney] states that she is the legal representative for each of these employees and as such, should have access to their entire file. I have not been informed by any of these employees that she is their legal representative. She did deliver letters that were supposedly signed by each employee; however, I have no proof that each employee did, in fact sign the letters. I have not been contacted by any of the employees.
You also state that:
 Further, this attorney states that she is the attorney representing the union that some of our police officers are members of. However, the City of Conway does not recognize that union or any other union, and therefore, does not feel that her representing them is valid. There has yet to be a grievance filed according to procedure. The Mayor has stated that if a proper grievance is filed, we will follow the normal process and answer it.
You pose two questions of my office, which are as follows:
 1. Am I to release full personnel records based on a letter that I do not know for sure was signed by the employee?
 2. Are we obligated to recognize her as the union attorney representing these employees when we do not recognize the union?
RESPONSE
My statutory duty to issue opinions under A.C.A. § 25-19-105(c)(3)(B) is limited to determining whether the decision of the custodian with regard to the release of records is consistent with the provisions of the FOIA. In my opinion, in response to your first question, an employee's "designated representative" is authorized to obtain access to the employees' own personnel and evaluation records, even if those records or portions of those records would otherwise be exempt from disclosure under the Freedom of Information Act. The FOIA is silent as to the mechanism for authenticating a "designated representative." If you have qualms about the authenticity of an employee-signed FOIA request letter, in my opinion it is incumbent upon you to verify its authenticity by contacting the employee. I have no authority under A.C.A. § 25-19-105(c)(3)(B) to respond to your second question, which is in any event not determinative of the FOIA issue.
Question 1 — Am I to release full personnel records based on a letterthat I do not know for sure was signed by the employee?
Section 25-19-105(c)(2) (Supp. 2001) of the Arkansas Code (a provision of the FOIA) states that:
 Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
It has been stated with regard to this provision that:
 Even if personnel or evaluation records are exempt from disclosure to the public, subsection (c)(2) expressly provides that the records "shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative." Under this provision, an employee, former employee, or applicant for employment may inspect his own personnel or evaluation records, regardless of their exempt status. However, this special right of access does not apply to records concerning another employee that may have been placed in the requester's own personnel file, unless they can also be characterized as personnel, evaluation, or job performance records of the requester.[1] If a representative is designated to inspect the records, that person must apparently have express authorization. Accordingly, the custodian of the records should require that the representative provide a letter or other document setting forth his authority.
Watkins, The Arkansas Freedom of Information Act (3rd ed. 1998) (m m Press) at 147-148 (emphasis added).
The designated representative in question has supplied a letter setting forth her authority to access the complete personnel and evaluation records of her clients. The letter enclosed with your correspondence bears the signature of the employee under a heading stating "Approved By." You, as custodian, state that you have no way of knowing whether such a signature is genuine. In my opinion the supplying of such a letter by the designated representative constitutes prima facie evidence of authority to act as a designated representative. If you have doubt as to the veracity of the signature or authority, in my opinion it is incumbent upon you, as custodian, to contact the employee to verify the authorization prior to release of otherwise exempt information.
Question 2 — Are we obligated to recognize her as the union attorneyrepresenting these employees when we do not recognize the union?
My authority under A.C.A. § 25-19-105(c)(3)(B) is to review the custodian's decision as to the release of records for consistency with the FOIA. I am not authorized to address the question posed above because it does not relate to or control the FOIA question. Recognition or non-recognition of a labor union does not bear upon the right of an employee or that employee's "designated representative" to access the employee's own personnel or evaluation records. In addition, although I have a duty to issue official Attorney General opinions under A.C.A. §25-16-706, on a wide array of matters, that authority is restricted to certain enumerated government officials. I must therefore decline to address your second question.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See, in this regard, Op. Att'y Gen. 2000-058.